Leslie **D. JAMERSON**

v.

The **UNITED STATES.**

No. 328-67.

United States Court of Claims.

Oct. 18, 1968.

Thomas H. King, Washington, D. C., attorney of record, for plaintiff, Elmer B. Collins, Washington, D. C., of counsel.

Charles M. Munnecke, Washington, D. C., with whom was Edwin L. Weisl, Jr., Asst. Atty. Gen., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

NICHOLS, Judge.

This is a suit for the difference in the pay plaintiff receives as a retired Air Force Reserve Major and the pay he would receive as a retired Air Force Reserve Lieutenant Colonel with the same length of service. There are no genuine issues of material fact and the case is before the court on cross motions for summary judgment.

Plaintiff, a Reserve officer in the Air Force since 1929, was serving on extended active duty when he was transferred to the Retired Reserve on July 1, 1960. By permission of the Secretary of the Air Force, he remained on active duty after that date as a temporary officer until he should become eligible to receive retired pay at age 60 under 10 U.S.C. § 1331. On May 20, 1964, while serving as a Major in this capacity (which is considered "active duty" though in the Retired Reserve), plaintiff was appointed a Lieutenant Colonel in the Reserves by purported authority of 10 U.S.C. §§ 8366 and 8380. This "promotion" was not in his active duty capacity, and the "promotion" order stated that he would "continue to serve in his temporary appointment" [i. e. the rank of Major] and "not perform duties in the ResAF Grade

to which promoted, nor be entitled to pay and allowances in * * * [that] Grade, unless ordered to active duty in such grade by competent authority." Plaintiff never served on active duty as a Lieutenant Colonel. On April 7, 1967, plaintiff received notice that his Reserve appointment to Lieutenant Colonel was unauthorized and was, therefore, revoked. On May 31, 1967, plaintiff left active duty for permanent retirement and began receiving his retired pay in the grade of Major. Plaintiff applied to the Air Force Board for the Correction of Military Records claiming his "promotion" to Lieutenant Colonel was improperly revoked. The Board, without a hearing and without stating its reasons, denied plaintiff's application. Plaintiff appealed to this court maintaining that the Board's denial was arbitrary and capricious and that he is entitled to the retired rank and pay of a Reserve Lieutenant Colonel because he was properly promoted and the promotion was not properly revoked.

This is not a case like Field v. United States, 158 F.Supp. 580, 141 Ct.Cl. 312, cert. denied, 357 U.S. 926, 78 S.Ct. 1372, 2 L.Ed.2d 1371 (1958), where the plaintiff had retired, was called to active duty, promoted in his active duty capacity and then "re-retired". The plaintiff here was not promoted in his active duty capacity and never served in the rank or received the pay and benefits of a Lieutenant Colonel while on active duty. The question in this case is whether the plaintiff was legally promoted and, if he was, whether his promotion was legally revoked. We hold that plaintiff was not legally promoted and the purported revocation merely reflected the situation that, in law, already existed. His motion for summary judgment should be denied and defendant's cross motion for summary judgment should be granted.

Pertinent statutes are set forth in an appendix to this opinion.

Plaintiff's principal argument is that the exclusive authority to promote officers in the Armed Forces Reserve is vested in the President by 10 U.S.C. §

593, which says "[a]ppointments of Reserves in commissioned grades below general officer * * * shall be made by the President alone." Plaintiff places great emphasis on the word "alone" and reads this provision as giving the President the absolute authority to promote anyone, no matter how ineligible or unqualified. His position is that because of § 593 the promotion eligibility sections in Title 10 are not binding on the President. Because the President's power to promote is absolute, plaintiff reasons, only the President has the power to revoke promotions. Since his "promotion" was "by direction of the President," but the revocation was not, plaintiff argues that the revocation is invalid and the promotion, therefore, must stand.

■■■ If the plaintiff is correct that § 593 gives the President, regardless of other promotion provisions in Title 10, the authority to promote anyone no matter how unqualified, then his "promotion" was valid. However, we think the President's power to promote is not absolute. The legislative history of § 593 confirms what the language indicates: that the word "alone" was inserted in that section to make it clear that the President no longer needed Senate "advice and consent" for appointments below general officer rank, 1952 U.S. Code Cong. & Ad. News, p. 2025. There is nothing to indicate that "alone" means the President can establish his own criteria for appointments and appoint anyone regardless of his qualifications. This would render virtually meaningless other parts of Title 10 setting up various hurdles to be surmounted before a reserve officer can be promoted. Such interpretations are not favored. United States v. Menasche, 348 U.S. 528, 538, 75 S.Ct. 513, 99 L.Ed. 615 (1955); Market Co. v. Hoffman, 101 U.S. 112, 115–116, 25 L.Ed. 782 (1879); In re Perry, 157 F.Supp. 910, 914 (W.D.Mich.1958); 2 Sutherland, Statutory Construction § 4705 (3d ed. 1943). We think that § 593 should be read together with the eligibility requirements of Title 10 and that those requirements must be met before a promotion is considered valid. The "promotion" was stated to be "By direction of the President," language which does not purport to reflect the President's personal participation. The revocation, as the record shows, was simply a recognition that the "promotion" was, as stated, "without effect."

■ 10 U.S.C. § 8360(a) says "[t]o be eligible under this chapter [ch. 837] for (1) consideration for promotion, * * * or (3) promotion, a reserve commissioned officer must be in an active status." "Active status" is defined as the "status of a reserve commissioned officer * * * who is not * * * in the Retired Reserve." 10 U.S.C. § 101 (25). Plaintiff's "promotion" purported to be, as stated above, pursuant to §§ 8366 and 8380 which are both in chapter 837. Plaintiff, as he admits, had already been transferred to the Retired Reserve when he was "promoted" and was not, by definition, in an "active status", therefore he was ineligible for consideration for or promotion under chapter 837, the chapter by which his "promotion" was purportedly authorized. But § 8380, one of the sections under which plaintiff purportedly was "promoted", uses the term "active duty" rather than "active status". Both sides agree that plaintiff was on active duty according to 10 U.S.C. § 101(22) which is defined as "full-time duty in the active military service of the United States," and plaintiff urges that he was eligible for promotion under § 8380. That section relates to the period after one has been selected for promotion and indicates when it shall be effective. But before that phase in the process is reached, plaintiff's eligibility for promotion must be determined by looking at other sections including § 8360(a) supra.

■ Plaintiff finds the terms "active duty" and "active status" inconsistent and confusing and would use them synonymously. But the terms are not meant to be synonymous. Being in an active status has nothing to do with

being on active duty, and being on active duty does not change a Reserve officer's "status" in the Title 10 sense. Members of the "Ready Reserve" are in an active status, 10 U.S.C. § 267, but they need not be on active duty. They are "liable for active duty," 10 U.S.C. § 268, and may be ordered to active duty, 10 U.S.C. § 673, but they are not necessarily on "active duty". On the other hand, a person in the Retired Reserve may serve on active duty, 10 U.S.C. §§ 675 and 676, although by definition, a member of the Retired Reserve cannot be in an active status.

"Active duty" and "active status" are entirely different concepts as used in Title 10. "Active duty" is a concept which describes the day to day function a member of the Armed Forces performs. The term is used by both the Regular and Reserve Armed Forces. One on active duty has the Armed Forces as his full time job. "Active status" is a term used only by the Reserves. A Regular officer is either on active duty or retired. A Reserve officer, however, can be in an active status, an inactive status, or a retired status. 10 U.S.C. § 267. "Active status" merely describes a category of Reserve officers who are eligible for promotion, 10 U.S.C. § 8360(a). One need not be on active duty to receive a Reserve promotion under Title 10, chapter 837, but must be in an active status. Contrary to plaintiff's urging we find no inconsistency in the use of the two phrases in the provisions we must construe in this case.

■ Plaintiff also takes the position that his transfer to the Retired Reserve, while being retained on active duty, was improper. There is no indication in the parties' briefs by what statutory authority plaintiff was retained except that it was the policy of the Secretary of the Air Force to retain on active duty officers who had to be transferred to the Retired Reserve until they were eligible for retired pay, and plaintiff had to be retired as he had over 28 years of federal service, 10 U.S.C. § 8848. There is statutory authority for retention on ac-

tive duty of a person qualifying for retirement. See 10 U.S.C. § 676. However, this section does not indicate that such a person must be retained in an active status and cannot be transferred to the Retired Reserve. Plaintiff reads Grahl v. United States, 336 F.2d 199, 167 Ct.Cl. 80 (1964), as making § 676 an exception to the mandatory retirement provisions of Title 10 and as meaning that one retained on active duty by authority of § 676 must not be transferred to the Retired Reserve. While *Grahl* does indicate that § 676 is an exception to the mandatory retirement provisions, id. at 204, 167 Ct.Cl. at 89, there is no language in that opinion to the effect that a retained officer cannot be transferred to the Retired Reserve. The record reflects that the Air Force intended both to put plaintiff in the Retired Reserve and retain him on active duty if he applied for such treatment, and with his eyes open he did so apply.

We have found nothing in Title 10 to prevent an officer's retention on active duty while being listed as a Retired Reserve officer and there are several provisions that deal with retired officers on active duty. See 10 U.S.C. §§ 675, 676, and 8503. Plaintiff elected to be transferred to the Retired Reserve and remain on active duty. His only other choice was to retire completely.

■ Had plaintiff been promoted in his active duty status this would be a different case. He never served in the rank of Lieutenant Colonel nor received any benefits of that rank. He was not demoted. Because he was ineligible for promotion he is not entitled to the retired rank of Lieutenant Colonel. We hold that his retention on active duty was proper but his "promotion" was contrary to law and ineffective, thus it did not need to be revoked. It was an administrative action not supported by the facts or the law, and plaintiff is not entitled to benefit from what is, in fact, an administrative error. Bridgman v. United States, 399 F.2d 186, 185 Ct.Cl. ── (July 17, 1968). The procedural regularity of the Air Force's attempts to re-

voke the "promotion" is therefore not a matter we need investigate.

◼ It follows from what we have said that the action of the Board for the Correction of Military Records was not arbitrary and capricious. The Board's refusal to grant plaintiff's application was proper and will not be set aside. The defendant's motion for summary judgment is granted, the plaintiff's is denied, and the petition is dismissed.

## APPENDIX
### § 101. DEFINITIONS

\*  \*  \*  \*  \*  \*

(22) "Active duty" means full-time duty in the active military service of the United States, \* \* \*

\*  \*  \*  \*  \*  \*

(25) "Active status" means the status of a reserve commissioned officer, \* \* who is not \* \* \* in the Retired Reserve.

\*  \*  \*  \*  \*  \*

### § 267. READY RESERVE; STANDBY RESERVE; RETIRED RESERVE: placement and status of members

(a) There are in each armed force a Ready Reserve, a Standby Reserve, and a Retired Reserve. Each Reserve shall be placed in one of those categories.

(b) Reserves who are on the inactive status list of a reserve component, or who are assigned to the inactive Army National Guard or the inactive Air National Guard, are in an inactive status. Members in the Retired Reserve are in a retired status. All other Reserves are in an active status.

### § 268. READY RESERVE

The Ready Reserve consists of units or Reserves, or both, liable for active duty as provided in sections 672 and 673 of this title. \* \* \*

### § 593. COMMISSIONED OFFICERS: appointment, how made; term

(a) Appointments of Reserves in commissioned grades below general officer and flag officer, \* \* \* shall be made by the President alone. Appointments of Reserves as general and flag officers shall be made by the President, by and with the advice and consent of the Senate \* \* \*

\*  \*  \*  \*  \*  \*

### § 673. READY RESERVE

(a) In time of national emergency declared by the President after January 1, 1953, or when otherwise authorized by law, an authority designated by the Secretary concerned may, without the consent of the persons concerned, order any unit, and any member not assigned to a unit organized to serve as a unit, in the Ready Reserve under the jurisdiction of that Secretary to active duty \* \* \*

\*  \*  \*  \*  \*  \*

### § 675. RETIRED RESERVE

A member in the Retired Reserve may, if qualified, be ordered to active duty without his consent \* \* \*

### § 676. RETENTION AFTER BECOMING QUALIFIED FOR RETIRED PAY

Any person who has qualified for retired pay under chapter 67 of this title may, with his consent and by order of the Secretary concerned, be retained on active duty, or in service in a reserve component \* \* \*

\*  \*  \*  \*  \*  \*

### § 1331. AGE AND SERVICE REQUIREMENTS

(a) Except as provided in subsection (c), a person is entitled, upon application, to retired pay computed under section 1401 of this title, if—

(1) he is at least 60 years of age;

(2) he has performed at least 20 years of service computed under section 1332 of this title;

\*  \*  \*  \*  \*  \*

### § 8360. COMMISSIONED OFFICERS: PROMOTION SERVICE

(a) To be eligible under this chapter for (1) consideration for promotion,

\* \* \* or (3) promotion, a reserve commissioned officer must be in an active status.

\* \* \* \* \* \*

§ 8380. COMMISSIONED OFFICERS: STATUS WHILE SERVING ON ACTIVE DUTY AFTER PROMOTION

(a) A reserve commissioned officer on active duty (other than for training) who is promoted to a reserve grade that is higher than the grade in which he is serving may not serve on active duty in the reserve grade to which he is promoted and is not entitled to the rank, pay, or allowances of that higher grade unless he is ordered to serve on active duty in that higher grade or is temporarily promoted to that higher grade.

\* \* \* \* \* \*

§ 8503. RETIRED COMMISSIONED OFFICERS: STATUS

A retired commissioned officer of the Air Force who is on active duty is considered, for all purposes except promotion, to be an officer of the organization to which he is assigned.

\* \* \* \* \* \*

§ 8848. TWENTY-EIGHT YEARS: RESERVE FIRST LIEUTENANTS, CAPTAINS, MAJORS, AND LIEUTENANT COLONELS

(a) After June 30, 1960, each officer in an active status in the reserve grade of first lieutenant, captain, or major, \* \* \* and each officer in an active status in the reserve grade of lieutenant colonel who is not on a recommended list for promotion to the reserve grade of colonel, shall, 30 days after he completes 28 years of service computed under section 8853 of this title—

(1) be transferred to the Retired Reserve, if he is qualified and applies therefor; or

(2) if he is not qualified or does not apply therefor, be discharged from his reserve appointment.