Captain James H. SMITH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 641–88C.

United States Claims Court.

Dec. 4, 1989.

Captain James H. Smith, pro se.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## OPINION

ROBINSON, Judge.

This *pro se* action is before the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment. The issue is whether the Air Force Board for Correction of Military Records (AFBCMR) decision denying Captain James H. Smith's application contesting his May 15, 1984 discharge was arbitrary, capricious, contrary to law or regulation, or unsupported by substantial evidence. After oral argument and a careful consideration of the entire record, the court has determined to grant defendant's motion for summary judgment.

## FACTUAL BACKGROUND

Capt. Smith entered active duty in the United States Air Force on August 17, 1967. He received a commission as a reserve second lieutenant on December 22, 1967, and was subsequently promoted to first lieutenant and captain. He received a commission as a regular officer on December 8, 1972. On March 16, 1978, he was considered but not selected for promotion to major. On August 15, 1979, he resigned his regular commission and voluntarily separated from active duty.

On April 8, 1980, Capt. Smith returned to active duty as a reserve officer. He was eligible to be have a board of officers consider him for promotion to major in March 1981. In October 1980, however, Capt. Smith learned that certain information pertaining to his service, such as the decorations he had been awarded, his education history, his past duty titles, and his overseas duty history, through error, was not listed on his Officer Selection Brief which was to be presented to the Selection Board. Capt. Smith was unable to get the data placed on his Officer Selection Brief before the promotion board convened on March 16, 1981.

The 1981 promotion board did not select Capt. Smith for promotion. On April 7, 1981, he applied to the AFBCMR for cor-

rection of his military records and supplemental consideration for promotion to major since his brief was incomplete. The AFBCMR forwarded the request to the Air Force Manpower and Personnel Center (AFMPC) for assembly of the military records and for review. On August 4, 1981, the Officer Promotion Branch of AFMPC submitted an advisory opinion which concluded that "his supplementary consideration request would be considered as one for consideration by a Special Review Board." [1]

The AFMPC reviewed the Officer Selection Brief that was included in Capt. Smith's Officer Selection File. The AFMPC determined that while his decorations, overseas assignments, and past duties had not been recorded in the brief which the 1981 selection board considered, his Officer Selection File which that board also considered did contain these documents.

The AFMPC office also assessed Capt. Smith's comparative record of performance as reflected in his Officer Effectiveness Reports (OER). Based upon its review, the AFMPC concluded that Capt. Smith was not selected because his record was not competitive with his contemporaries. Thus, the AFMPC recommended denial of Capt. Smith's request for additional consideration. However, since Capt. Smith's record was not as complete as other records which the board reviewed, the AFMPC indicated it would set aside his March 1981 nonselection and deem the 1982 Temporary Major Promotion Board's consideration of his record as that of a first time eligible.

On August 10, 1981, the AFBCMR sent the AFMPC's advisory opinion to Capt. Smith for his review and comment. On September 10, 1981, he submitted a rebuttal to the advisory opinion. In his rebuttal, Capt. Smith stated that two OERs, neither of which recommended promotion, had a "2 rating" which is nevertheless competitive and promotable. However, he noted that his promotion potential was nonexistent because he had announced his resignation from the Air Force. He also commented that since receiving the advisory opinion, he had contacted the rating officials on the two OERs and they were preparing letters of mitigation for submission into his official records.

The AFBCMR met to consider Capt. Smith's application on September 17, 1981, but decided to await receipt of the letters of mitigation before rendering a decision. The AFBCMR advised Capt. Smith it would consider the two letters if they were received within sixty days. Capt. Smith subsequently provided the two letters, but they pertained to only one of the two OERs. The AFBCMR considered the letters and his application for promotion reconsideration on January 4, 1982.

The AFBCMR attached the two letters to Capt. Smith's June 17, 1979 OER, set aside his March 1981 nonselection, and had a Special Review Board assess his corrected records in comparison with records of officers whom the 1981 board did not select. Thus, the AFBCMR could review this assessment before rendering a final recommendation to the Secretary of the Air Force. On April 29, 1982, a Special Review Board determined that the March 1981 board would not have recommended Capt. Smith for promotion if his corrected record had been considered, and recommended that Capt. Smith not be promoted to the temporary rank of major. After an independent review of Capt. Smith's corrected record, the decision of the Special Review Board, and the staff advisory opinion, the AFBCMR concluded on September 22, 1981, that possible deficiencies in the OER and the missing data from his Officer Selection Brief did not cause the March 1981 board to recommend Capt. Smith's nonselection, and that no further action was warranted.

On September 2, 1982, Capt. Smith learned that the Major Selection Board which convened on June 21, 1982, con-

---

1. The AFMPC explained that supplemental boards consider eligible officers who were not considered at all by a promotion board because of an error in their eligibility data. This was not Capt. Smith's situation.

sidered but did not select him for promotion to the grade of major. A July 19, 1983 letter notified Capt. Smith that the 1983 Major Selection Board also considered but did not select him for promotion to major. The letter advised him that the Selection Continuation Board considered but did not select him for continued active duty, and consequently, he would be released from active duty no later than January 31, 1984.

On August 22, 1983, Capt. Smith's duty station in Guam published orders which evidenced his election to separate on November 2, 1983, and authorized 33 days terminal leave. He left Guam in a terminal leave status on September 30, 1983. However, on October 25, 1983—before his separation from duty—he filed suit in the United States District Court for the Southern District of Mississippi seeking a temporary restraining order (TRO) and a preliminary injunction in an effort to stop his discharge.

As a result of the TRO application, the Air Force amended Capt. Smith's separation orders to show January 31, 1984 as his separation date. On December 7, 1983, the personnel office at Guam rescinded the August 22, 1983 separation order and issued a new order reassigning Capt. Smith to Keesler Air Force Base, Mississippi. Neither the Guam personnel office nor the Keesler personnel office issued new separation orders.

On January 24, 1984, the District Court heard Capt. Smith's motion for a preliminary injunction, but denied the motion since he had failed to exhaust his administrative remedies before the AFBCMR. On January 31, 1984, Capt. Smith filed an application with the AFBCMR asking to have the major promotion boards for 1978, 1981, 1982 and 1983 set aside and to be reinstated on active duty with all back pay and allowances. As a basis for the relief, Capt. Smith argued that the United States Air Force had continued him on active duty, by error or omission, when he was allowed to stay on active duty after more than two passovers for promotion to major. Capt. Smith contended further that his separa-

tion was erroneous because a special review board heard his case rather than a special selection board.

This second application to the AFBCMR was sent to the AFMPC for review and an advisory opinion. On April 11, 1984, the AFMPC recommended denial. It concluded that (1) the decision of the 1983 Major Promotion Board constituted the second passover; and (2) the 1978 passover was not a failure of selection because he was then a regular officer. The AFMPC reasoned that since Capt. Smith's first nonselection as a reserve officer was in 1981 and the AFBCMR set aside the 1981 passover, the nonselection could not count as a passover. Thus, his first nonselection came from the 1982 board and the second passover came from the 1983 board. It concluded the special review board's nonselection did not count as a nonselection or passover under established policy.

The AFBCMR provided Capt. Smith with a copy of the advisory opinion for his review and comments. Capt. Smith replied, and for the first time, alleged that: (1) as a result of his last application, his records were directed to the wrong kind of board which was improperly constituted and which considered his records in a prejudicial and biased manner; (2) his OER, closing October 5, 1982, had been tampered with and fraudulently signed, causing his nonselection; and (3) he was improperly separated from the Air Force in January 1984 under orders that had been rescinded. He again contended he remained in a continued duty status because he had been passed over more than twice by the time he was considered by the 1983 board. He claimed that since 10 U.S.C. § 628 was enacted before his record was referred to a board, it was unlawful to send his case to a special review board instead of a special selection board.

The AFBCMR, on April 11, 1985, denied the relief Capt. Smith requested because Capt. Smith's record did not meet the criteria for promotion under either the Special Review Board or the Special Selection Board. Further, the AFBCMR found that even if Capt. Smith was correct in alleging

that he had been retained after two nonselections for promotion, he had benefitted, rather than suffered. Therefore, it concluded that any such error was harmless. In response to Capt. Smith's assertion that his separation was illegal because his separation order was rescinded, the AFBCMR determined that Keesler Air Force Base was unaware that the original separation order had been rescinded on December 7, 1983.[2] The final separation order issued by Keesler Air Force Base on May 15, 1984, confirmed his separation on January 31, 1984. However, the AFBCMR determined that this oversight, *i.e.*, his retention, did not negate the legality of the separation since it was a "Mandatory Date of Separation required by Air Force Policy."

The AFBCMR concluded also that there was no need to establish whether the signature on the allegedly forged OER was genuine since (1) this OER, which the 1983 board would have considered, would not have been before prior boards, and (2) it was only by administrative oversight that the 1983 board gave Capt. Smith gratuitous consideration. Thus, the AFBCMR found that the presence or absence of the OER in the record would not have affected the decision of the 1983 selection board. Accordingly, the AFBCMR denied Capt. Smith's request for reinstatement. The AFBCMR, however, as a matter of clemency, granted Capt. Smith partial relief by recommending his records be corrected to reflect his date of separation as May 15, 1984, rather than January 31, 1984, and by awarding him back pay for that period.

On January 17, 1986, Capt. Smith filed an amended complaint with the District Court challenging his discharge and the AFBCMR's denial of reinstatement. On February 19, 1987, the District Court granted the Air Force's motion for summary judgment and dismissed the complaint upon the basis that Capt. Smith had been legally separated on May 15, 1984. Capt. Smith appealed to the United States Court of Appeals for the Fifth Circuit, which transferred the appeal to the United States Court of Appeals for the Federal Circuit. The Federal Circuit vacated the District Court's order and remanded the case to that court with instructions to transfer the case to this court. The amended complaint currently before this court was filed on December 5, 1988.

## DISCUSSION

Defendant's motion to dismiss, or in the alternative, motion for summary judgment, will be treated as a motion for summary judgment since this court has considered matters which were presented outside of the pleadings. RUSCC 12(b)(4). Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. RUSCC 56(c). In its review, the court is required to consider the evidence in a light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When evaluating the merits of the motions, the court must resolve reasonable, factual disputes against the movant. *Schwabenbauer v. Board of Education*, 667 F.2d 305, 313–14 (2d Cir.1981). However, mere denials or conclusions are not enough to create an evidentiary conflict. *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed.Cir.1984). The parties' pleadings filed in this case reveal that no material factual issues are in dispute.[3] Therefore, the court concludes

---

2. At oral argument, Capt. Smith contended, contrary to the AFBCMR's finding, that Keesler Air Force Base was aware that the original order had been rescinded. The court finds that this contention is not material to the resolution of the issues before the court. Further, Capt. Smith has produced no credible evidence of record to show that the AFBCMR's finding is unsupported by substantial evidence.

3. Plaintiff contends that there was a forged signature on an OER. Defendant disputes this. However, neither this dispute nor any other appears to be material since defendant showed that its resolution would not affect the outcome of this litigation. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). Consequently, the court finds that plaintiff, as the nonmoving party opposing the motion, has failed to sustain his burden of providing sufficient evidence, wheth-

that the defendant has met its burden of showing that there are no material facts in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Adickes v. S.H. Kress,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Thus, the court may proceed to determine whether the AFBCMR's decision denying plaintiff's application was arbitrary, capricious, contrary to law, or unsupported by substantial evidence.

■■■ Defendant argues that plaintiff cannot meet the burden of demonstrating that his January 31, 1984—modified to May 15, 1984—discharge from active duty as a result of being passed over for promotion twice was unlawful. This court's review of the lawfulness of the AFBCMR's decision is limited to the record made before the AFBCMR. *Stewart v. United States,* 222 Ct.Cl. 42, 611 F.2d 1356 (1976). The court cannot simply substitute its judgment for the AFBCMR's conclusions of fact. *See Maier v. Orr,* 754 F.2d 973 (Fed.Cir.1985); *Long v. United States,* 12 Cl.Ct. 174 (1987). Thus, plaintiff must demonstrate by "cogent and clearly convincing evidence" that the board's determination denying his application was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986). In addition, Capt. Smith must overcome the strong presumption that military officers and administrators discharge their duties correctly, lawfully, and in good faith. *Sanders v. United States,* 219 Ct.Cl. 285, 302, 594 F.2d 804, 813 (1979). Therefore, in order for Capt. Smith to prevail, he must

establish that: (1) his discharge is the result of legal error contained in his selection record; (2) the error was material; and, finally, (3) this material legal error had a nexus to his discharge. *Hary v. United States,* 223 Ct.Cl. 10, 20, 618 F.2d 704, 709 (1980); *Braddock v. United States,* 9 Cl.Ct. 463 (1986). This is a heavy burden of proof.

Capt. Smith contends that he was not properly discharged because no one ever prepared or published discharge papers which reflect a valid separation date other than January 31, 1984. Further, he contends he was separated on verbal orders which are impermissible under Air Force Regulation (AFR) 10–7.[4] Therefore, he argues that his separation on January 31, 1984 was invalid, a nullity, and in contravention of his right to receive fair and equal treatment.[5] On the other hand, defendant argues that Capt. Smith is not entitled to relief as the result of confusion surrounding the issuance of orders to discharge him effective January 31, 1981, since the initial verbal discharge orders were not erroneous. Even if there was error, defendant contends it was simply a harmless administrative error which was neither substantial nor prejudicial.

■■■ The court finds no merit in Capt. Smith's argument that there was a violation of AFR 10–7. However, verbal orders are impliedly authorized for separations under the clear, unambiguous language of AFR 10–7, ¶ 1–15 (Plaintiff's Exhibit 9). That regulation does not prohibit verbal orders in any circumstance, but merely counsels against verbal orders in three categories: (1) spending funds, (2) flying sta-

---

er or not admissible at trial, to show that a genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

4. AFR 10–7, ¶ 1–15 provides, in part:
   Verbal Orders. Do not issue verbal orders if possible. Verbal orders that involve spending funds, flying status, or aeronautical ratings of individuals are authorized only when time or error kept written orders from being published in advance.

5. At oral argument, Capt. Smith cited *Neal v. United States,* 177 Ct.Cl. 937 (1966) for the proposition that "a military discharge in violation of

a regulation of the executive department involved is a nullity, and the character and the fact of the discharge are voided ..." Oral argument at 14–16. The basis for the discharge in *Neal* was plaintiff's confession of having participated passively in a homosexual act. However, the confession was obtained through willful misrepresentations made to plaintiff that he would be court-martialed and imprisoned on morals charges when, in reality, the Navy did not have enough corroborating evidence to support such a charge. Therefore, *Neal* is entirely distinguishable from the case *sub judice.*

tus, or (3) aeronautical ratings of individuals. The regulation does explicitly authorize issuance of verbal orders for these purposes where time or error kept written orders from being published in advance. Thus, this particular regulation is advisory and not intended to provide unequivocal procedural protections or rights to service members. The court concludes, therefore, that the regulation was promulgated for the administrative benefit of the government and not for the purpose of granting an enforceable right to servicemen for relief in the event of an agency's failure to strictly comply with its provisions. *C & L Construction Co. v. United States*, 6 Cl.Ct. 791, 804 (1984), *aff'd*, 790 F.2d 93 (Fed.Cir.1986); *See Vietnam Veterans of America v. Secretary of the Navy*, 843 F.2d 528 (D.C.1988).

■ The AFBCMR, after a full review, corrected Capt. Smith's record upon equitable grounds to reflect his date of separation as May 15, 1984, rather than January 31, 1984. This correction did not constitute an admission that the verbal separation on January 31, 1984, was unlawful. A valid statute mandated Capt. Smith's discharge effective January 31, 1984 since he failed selection twice for promotion. *See* 10 U.S.C. § 3846 (1982). The correction of his record to reflect a later discharge was simply the AFBCMR's effort to treat Capt. Smith equitably and fairly solely because of an administrative error. This was proper because the error was not attributable to any fault or neglect on his part, but solely to the Air Force's error. This court cannot, however, find on the record presented that this error was so material or of such magnitude and prejudice as to create for Capt. Smith an enforceable right to void or nullify his mandated separation. *Jamerson v. United States*, 185 Ct.Cl. 471, 401 F.2d 808 (1968).

■ Capt. Smith next contends that the Selection Board should not have considered one of his OER's since one of the two signatures thereon, in plaintiff's opinion, was forged. Defendant contends that Capt. Smith offered no proof of a forgery to the AFBCMR except his own perception that the signature of Lt. Col. Thayne H. Judd on one OER dated October 5, 1982, was a forgery. The indorser on this OER was Col. James D. McCracken, who fully concurred in Lt. Col. Judd's comments as Capt. Smith's rater. Both marked the highest category block on the OER.[6] The comments of Lt. Col. Judd and Col. McCracken were laudatory, but did not recommend Capt. Smith for promotion.

Capt. Smith did not provide sufficient evidence of a forgery with respect to the October 5, 1982 OER to the AFBCMR. He did not provide a statement to the AFBCMR from either his rater or indorser or anyone else having knowledge of his performance to support his allegation of forgery, nor did he state how the facts or ratings in the OER were adversely affected as a result of the alleged forgery.[7] Capt. Smith has failed to suggest how the alleged forged signature rendered the facts and/or rating of his OER incorrect or misleading.[8] However, notwithstanding Capt. Smith's failure to present any persuasive or probative evidence to the AFBCMR, the AFBCMR directed a representative from the Air Force Office of Special Investigations (OSI) to compare the signatures presented to determine whether there was a forgery. That representative concluded he did not have sufficient data to determine whether the signature was forged. Therefore, the AFBCMR decided to cease its investigation into the forgery since the OER was presented only to the 1983 promotion board, and because that board

6. Defendant's App., Vol. II, page 49.

7. At oral argument, for the first time, Capt. Smith alleged that the instructions to the Board did *not* say that he was to be considered as a "first timer" for promotion. However, given the presumption of administrative regularity, this allegation is insufficient to form the required nexus between the allegedly defective OER and

Capt. Smith's nonselection. *Hary v. United States*, 223 Ct.Cl. 10, 618 F.2d 704 (1980).

8. The letter of Col. Stanley A. Bohine (Retired) dated January 18, 1985, fails to address this matter and constitutes no evidence in support of a forgery of any particular OER. Def.App., Vol. II, page 107.

would not have reached a different result even if the OER had not been present in Capt. Smith's record.

The AFBCMR determined that the evidence before it was insufficient to overcome the presumption that the signature of Lt. Col. Judd is genuine. It takes " 'well-nigh irrefragable proof' to overcome the presumption of administrative regularity." *Sanders v. United States Postal Service,* 801 F.2d 1328 (Fed.Cir.1986); *Kalmar Corp. v. United States,* 211 Ct.Cl. 192, 543 F.2d 1298, *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 89 (1977). Such proof was not presented. As a result, Capt. Smith has failed to show by clear and convincing evidence that the AFBCMR's refusal to remove or change the challenged OER was arbitrary, capricious, contrary to law or regulation, or unsupported by substantial evidence.

■ The court is persuaded that even if Capt. Smith's allegations are true and the OER bears a forged signature, the AFBCMR's decision should be sustained because the record shows no nexus between the defective OER and Capt. Smith's nonselection. This nexus is fundamental to establishing prejudice associated with the OER. *Hary v. United States,* 223 Ct.Cl. 10, 20, 618 F.2d 704, 710 (1980). Therefore, the court must reject Capt. Smith's argument regarding an alleged forgery of the OER.

■ Capt. Smith also contends that his records were presented to the 1982 promotion board with prejudicial date stamp notations upon his OERs. From these notations, Capt. Smith infers that his record was presented to the subsequent boards as an officer who had previously failed selection. The question presented is whether the mere presence of the notations was material and prejudicial to Capt. Smith's consideration by the 1982 board.

■ The AFBCMR had instructed in its October 4, 1982 decision that Capt. Smith be considered as a first time eligible candidate for promotion. There is no evidence that the promotion board gave the date stamp notations any consideration. In the absence of any evidence that the board considered these date stamps, the court

cannot conclude that the AFBCMR's decision that the date stamp notations were nonmaterial or harmless error was arbitrary, capricious, contrary to law or regulation or not supported by substantial evidence. Selection board members are presumed to have properly discharged their duties in good faith, without prejudice, and in accordance with their instructions and applicable regulations. The presumption of lawful discharge of duties is strong. *Brockhoven v. Marsh,* 727 F.2d 1558 (Fed. Cir.1984), *cert. denied,* 469 U.S. 880, 105 S.Ct. 245, 83 L.Ed.2d 183 (1984); *Hary v. United States,* 223 Ct.Cl. 10, 618 F.2d 704 (1980). Therefore, the court cannot assume that the selection board members consciously disregarded the record presented to them and, instead, focused on the date stamp notations. The AFBCMR found that, notwithstanding the date stamp notations, the documents which the selection board considered fairly portrayed Capt. Smith's record. This finding is amply supported by the record. *Yee v. United States,* 206 Ct.Cl. 388, 394, 512 F.2d 1383, 1387 (1975).

## CONCLUSION

The court finds that the AFBCMR decision denying Capt. Smith's application for correction of his records and to reinstate him to active duty was not arbitrary, capricious, contrary to law or regulation, or not supported by substantial evidence. The court is sympathetic to Capt. Smith's position, particularly in view of administrative errors which were committed in connection with his discharge. However, the court is bound to uphold the decision of the AFBCMR unless the court finds, based upon the record before the AFBCMR, that the heavy standard for reversal has been met. That standard was clearly not met here.

Accordingly, the defendant's motion for summary judgment is granted. The clerk is directed to dismiss plaintiff's complaint. No costs.