914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Captain James H. SMITH, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee
 No. 90-5054.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1990.
 
 Before MICHEL, Circuit Judge, BALDWIN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Captain James H. Smith ("Captain Smith") appeals a decision of the United States Claims Court dismissing his complaint upon granting of a motion for summary judgment by the United States. Smith v. United States, 19 Cl.Ct. 19 (1989). We affirm.
 
 OPINION
 
 2
 Because Captain Smith had twice failed selection for promotion, 10 U.S.C. Secs. 8368 and 8846(a) (1976) mandated Captain Smith's discharge effective January 31, 1984.
 
 
 3
 Contrary to Captain Smith's contention, the plain language of Air Force Regulation 10-7, paragraph 1-15, does not absolutely preclude the use of oral separation orders. Moreover, we agree with the Claims Court's conclusion that the regulation is only advisory in nature, intended for the administrative benefit of the government and "not for the purpose of granting an enforceable right to servicemen for relief in the event of an agency's failure to strictly comply with its provisions." 19 Cl.Ct. at 25.
 
 
 4
 We further reject Captain Smith's argument that the Air Force's correction of his record so as to reflect a discharge date of May 15, 1984 rather than January 31, 1984 is an admission by the Air Force that his January 31, 1984 separation was null and void. The record shows that the Air Force changed the date of separation in order to correct an administrative error. Furthermore, the Claims Court properly concluded that the administrative error in question was not "so material or of such magnitude and prejudice as to create for Capt. Smith an enforceable right to void or nullify his mandated separation." Id.
 
 
 5
 Captain Smith's argument that his separation was illegal because the 1982 and 1983 Promotion Board results were based upon a forged Officer Efficiency Report ("OER") also lacks merit. Captain Smith not only failed to prove his allegation but also failed to establish the requisite nexus between the disputed OER and his non-selection for promotion and consequent discharge. See Hary v. United States, 618 F.2d 704, 709 (Ct.Cl.1980).